# Third District Court of Appeal

## State of Florida

Opinion filed January 23, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1988
Lower Tribunal No. 96-40835A
_____

**Demetrius Tony Johnson,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Demetrius Tony Johnson, in proper person.

Ashley Brooke Moody, Attorney General, and Keri T. Joseph, Assistant Attorney General, for respondent.

Before LOGUE and SCALES, JJ., and LAGOA, Associate Judge.

PER CURIAM.

Demetrius Tony Johnson petitions this Court for a writ of habeas corpus. In 1997, a jury convicted Johnson of armed robbery (count 1), attempted second degree murder (count 2), and burglary with assault and battery while armed (count 3). He was sentenced to a term of thirty years on each of the three counts, his sentences to run concurrently. This Court affirmed his conviction in Johnson v. State, 725 So. 2d 1273 (Fla. 3d DCA 1999). Johnson filed a Florida Rule of Criminal Procedure 3.800 motion to correct illegal sentence pertaining to his sentencing on count 3, and this Court, upon the State's confession of error, remanded for resentencing in Johnson v. State, 934 So. 2d 482 (Fla. 3d DCA 2004). The trial court resentenced Johnson to three years on count 3, to run concurrently with his thirty-year sentence.

Since his conviction, Johnson has filed numerous post-conviction motions and petitions in the trial court, and appeals and petitions in this Court.[1] In 2011, the

[1] Johnson v. State, 245 So. 3d 718 (Fla. 3d DCA 2017) (table); Johnson v. State, 184 So. 3d 533 (Fla. 3d DCA 2016) (table); Johnson v. State, 108 So. 3d 1102 (Fla. 3d DCA 2013) (table); Johnson v. State, 94 So. 3d 596 (Fla. 3d DCA 2012) (table); Johnson v. State, 50 So. 3d 1146 (Fla. 3d DCA 2010) (table); Johnson v. State, 44 So. 3d 594 (Fla. 3d DCA 2010) (table); Johnson v. State, 36 So. 3d 106 (Fla. 3d DCA 2010) (table); Johnson v. State, 17 So. 3d 298 (Fla. 3d DCA 2009) (table); Johnson v. State, 11 So. 3d 957 (Fla. 3d DCA 2009) (table); Johnson v. State, 995 So. 2d 504 (Fla. 3d DCA 2008) (table); Johnson v. State, 982 So. 2d 698 (Fla. 3d DCA (Fla. 3d DCA 2008) (table); Johnson v. State, 973 So. 2d 454 (Fla. 3d DCA 2007) (table); Johnson v. State, 972 So. 2d 191 (Fla. 3d DCA 2007) (table); Johnson v. State, 970 So. 2d 838 (Fla. 3d DCA 2007) (table); Johnson v. State, 951 So. 2d 848 (Fla. 3d DCA 2007) (table); Johnson v. State, 917 So. 2d 201 (Fla. 3d DCA 2005) (table); Johnson v. State, 934 So. 2d 482 (Fla. 3d DCA 2004); Johnson v. State, 848 So. 2d 327 (Fla. 3d DCA 2003) (table); Johnson v. State, 825 So. 2d 396 (Fla. 3d DCA 2002) (table).

Miami-Dade County Circuit Court issued an order barring Johnson from filing further pro se motions at the trial court level, which Johnson appealed and which this Court affirmed in Johnson v. State, 94 So. 3d 596 (Fla. 3d DCA 2012) (table). This trial court order described numerous, repetitive – though fruitless – attacks by Johnson on his thirty-year sentence. Thereafter, Johnson devised new post-conviction arguments, which are present in the instant petition: (i) double jeopardy; (ii) an alleged flaw in the trial court's 2011 bar on further pro se filings; (iii) improper jury instructions; and (iv) conviction based on improper charging document as it pertained to a "weapon."[2]

Johnson's petition in the instant case is identical to his petition for writ of habeas corpus to this Court in 2017, which we denied in Johnson v. State, 245 So. 3d 718 (Fla. 3d DCA 2017) (table). These points were also raised to this Court in somewhat similar fashion in a petition for belated appeal in 2015, which we denied in Johnson v. State, 184 So. 3d 533 (Fla. 3d DCA 2016) (table). We conclude that Johnson's arguments are successive, and therefore, we deny the petition and issue the following show cause order.

---

[2] This Court earlier denied habeas relief on this latter argument. See Johnson v. State, 108 So. 3d 1102 (Fla. 3d DCA 2013).

3

ORDER TO SHOW CAUSE

Johnson is hereby directed to show cause, within forty-five days of this opinion, as to why he should not be prohibited from filing any further pro se appeals, petitions, motions or other pleadings related to his criminal appeal in circuit court case number 96-40835.

If Johnson does not demonstrate good cause, we will direct the Clerk of this Court not to accept any such filings unless they have been reviewed by, and bear the signature of, a licensed attorney in good standing with the Florida Bar.

Additionally, and absent a showing of good cause, any further and unauthorized filings by Johnson will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2018).

Petition denied. Order to show cause issued.